UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| IN RE INTEGRATED FINANCIAL ASSOCIATES, INC. | Case No. 2:14-CV-00098-APG |
| STEVEN KALB; KENNETH L. TEMPLETON; TPKT, LLC; INTEGRATED FINANCIAL ASSOCIATES, INC., | **OPINION ON BANKRUPTCY APPEAL** |
| Appellants, | |
| v. | |
| MUSTAPHA ASSI REVOCABLE LIVING TRUST DATED JUNE 23, 2003, | |
| Appellee. | |

Appellants Integrated Financial Associates, Inc. ("Debtor"), Steven Kalb, Kenneth Templeton, and TPKT, LLC appeal the bankruptcy court's order denying their joint motion for attorney's fees and costs incurred in objecting to a claim filed by Appellee Mustapha Assi Revocable Living Trust Dated June 23, 2003. Appellants argue the bankruptcy court erred by concluding no one other than the Debtor was entitled to pursue attorney's fees incurred objecting to contract-based claims, and that any fees incurred litigating those claims were minimal. Appellants also argue the bankruptcy court abused its discretion by not awarding fees incurred objecting to tort claims that were maintained without reasonable grounds, and the court failed to apportion fees between nonfrivolous and frivolous claims. Finally, Appellants argue they are entitled to recover all costs.

Appellee responds that this Court lacks jurisdiction over this appeal because the order from which Appellants filed a notice of appeal was not final where the amount of costs to be awarded was indefinite. On the merits, Appellee argues the bankruptcy court properly determined that only the Debtor could recover attorney's fees under the contract because there is

no evidence the Debtor assigned its contractual rights to anyone else.  Appellee argues the bankruptcy court properly denied any contract-based fees to the Debtor because the Debtor failed to show any particular fees were associated with defending against the contract-based claims.  As to whether the tort claims lacked reasonable grounds, Appellee argues the bankruptcy court was familiar with the record that showed a reasonable basis for the tort claims, even if Appellee did not ultimately prevail on those claims.  Finally, Appellee argues costs appropriately were limited to only those costs the Debtor was able to support factually.

I lack jurisdiction over part of this appeal.  For those portions of the appeal over which I have jurisdiction, I affirm in part and remand in part.

**I. Background**

Debtor was a hard-money lender that made loans secured by real property, brokered fractionalized interests in those loans, and serviced notes and deeds of trust. (Dkt. #20-4 at 32.) With a downturn in the real estate market, Debtor's borrowers began defaulting on their loans, which led to Debtor defaulting on its obligations. (Dkt. #20-4 at 33.)  Debtor filed for bankruptcy protection on March 14, 2011. (Dkt. #20-3 at 93.)

An Official Unsecured Creditors' Committee was formed and authorized to recover for the benefit of the estate any transfers to or for the benefit of any insiders of the Debtor, including preferences or fraudulent transfers (the "Insider Claims"). (Dkt. #20-6 at 2-3, 6-7.)  The Committee investigated the Insider Claims, including some potential breach of fiduciary duty claims, and subsequently moved the bankruptcy court to approve a settlement of the Insider Claims. (Dkt. #20-6 at 1-4; Dkt. #20-8 at 23-58; Dkt. #20-9 at 1-26.)  The settlement consisted of the Insiders–as relevant here Kenneth Templeton, Steve Kalb, and TPKT, LLC–contributing $100,000 to cover the estate's administrative expenses, and paying fifteen percent of the allowed claims for all unsecured creditors upon plan confirmation. (Dkt. #20-6 at 4; Dkt. #20-9 at 16-17.) In return, the Committee released the Insider Claims, and shares in the reorganized debtor would be issued to TPKT, LLC. (Dkt. #20-6 at 4; Dkt. #20-8 at 139; Dkt. #20-9 at 16-17, 23.)

The bankruptcy court appointed an examiner to review the proposed settlement among the Committee, the Debtor, and the Insiders. (Dkt. #20-08 at 107-46.) The examiner identified various potential causes of action and opined on their probable success, including preferential and fraudulent transfers and breaches of fiduciary duties. (*Id.*) The examiner concluded that the proposed settlement and plan of reorganization "were not within the range of reasonableness and are not fair to creditors." (Dkt. #20-8 at 143.)

Appellee Mustapha Assi Revocable Living Trust Dated June 23, 2003 (the "Trust"), filed a proof of claim in the amount of $759,235.31 based on a promissory note in that amount. (Dkt. #20-1 at 259-60.) The Trust filed another proof of claim in the amount of $2,219,000 for "land loans" based on the amount of money the Trust had invested in various fractionalized interests in loans, plus interest. (Dkt. #20-1 at 262-63.) The Trust filed a third proof of claim in the amount of $1,004,797.01 for "money loaned," based on a revised statement of the original proof of claim. (Dkt. #20-2 at 1-7.) In an effort to clarify the various proofs of claim, the Trust filed an amended claim in the amount of $5,573,046.38. (Dkt. #20-2 at 8-16.) The Trust identified the funds sought as: (1) $1,958,655.35 reflecting the Trust's investment in fractionalized interests in loans; (2) $245,561.70 reflecting the Trust's fractionalized interest in deeds of trust which had not been accounted for, trebled to $736,685.10 under Nevada Revised Statutes § 41.580; (3) $200,000 reflecting sales proceeds which the Debtor did not account for, trebled to $600,000 under § 41.580; and (4) $759,235.31 plus interest under the promissory note, for a total of $2,277,705.93 when trebled under § 41.580. (Dkt. #20-3 at 96.) The Trust also sought recovery of attorney's fees and costs. (Dkt. #20-3 at 97.)

The Debtor objected to and moved to estimate the amount of the Trust's claim, for, among other purposes, voting and implementation of the Debtor's proposed Plan of Reorganization. (Dkt. #20-2 at 17-43.) The Debtor conceded it owed the Trust $759,235.32, but disputed the other amounts the Trust sought. (Dkt. #20-2 at 17-43, 52.) The Insiders joined the Debtor's Objection to the Trust's claim. (Dkt. #20-5 at 1-2.)

Following a multi-day evidentiary hearing and closing arguments, the bankruptcy court sustained the Debtor's Objection and allowed the Trust to recover only the undisputed portion of its claim. (Dkt. #20-1 at 254-55; Dkt. #20-9 at 1001-02.) The bankruptcy court also confirmed the Debtor's Fourth Amended Plan of Reorganization, which incorporated the settlement between the Committee and the Insiders. (Dkt. #20-6 at 48-52; Dkt. #20-7 at 1-52.)

Debtor and the Insiders moved to recover fees and costs expended in objecting to the Trust's claim, including fees incurred by the Official Committee of Unsecured Creditors which the Insiders ultimately would have to pay under the Plan. (Dkt. #20-1 at 20-36.) Debtor and the Insiders argued they prevailed on all of the Trust's breach of contract claims, and therefore are entitled to fees under the fee-shifting provision in paragraph 10(h) of the Loan Servicing Agreements. (Dkt. #20-1 at 27-29.) Debtor and Insiders also argued that because they prevailed on the Trust's oral misrepresentation claims based on an integration clause in the Loan Servicing Agreements, they prevailed on a contract-based defense and are entitled to damages under paragraph 10(h) of the Loan Servicing Agreements for those claims as well. (Dkt. #20-1 at 31.)

Debtor and the Insiders also sought fees for the Trust's tort claims pursuant to Nevada Revised Statutes §18.010(2)(b), which allows for recovery of fees where a claim is brought or maintained without reasonable grounds. (Dkt. #20-1 at 32-34.) Debtor and Insiders argued the Trust's claims for violations of Nevada Revised Statutes Chapter 645B were brought without reasonable grounds because there is no private right of action under Chapter 645B, and because the sections of Chapter 645B on which the Trust relied were not enacted until after the parties entered into the underlying transactions. (Dkt. #20-1 at 32-33.) Debtor and Insiders also argued the Trusts' oral misrepresentation claims were without reasonable grounds because the bankruptcy court found the allegations were so weak they would not have survived a motion to dismiss. (Dkt. #20-1 at 34.)

Debtor and the Insiders thus sought $198,954.50 in attorney's fees incurred by the Insiders, $84,374.00 incurred by Debtor's counsel, and $96,757.50 incurred by counsel for the

Official Committee of Unsecured Creditors, for a total of $380,086 in attorney's fees. (Dkt. #20-1 at 35.) Finally, Debtor and Insiders sought costs in the amount of $16,202.65. (*Id.*)

The Trust opposed the motion for fees and costs. (Dkt. #20-1 at 122-41.) The Trust opposed any request for fees under the contract by the Insiders or the Committee because only the Debtor was a party to the Loan Servicing Agreements. (Dkt. #20-1 at 125, 132-33.) The Trust argued the Debtor was not entitled to fees based on the contracts because the requested fees included matters unrelated to the contract dispute and the requested fees were not reasonable. (Dkt. #20-1 at 125, 133-35.) As to the tort claims, the Trust argued it never pursued Chapter 645B claims as independent causes of action, its claims had a reasonable basis given the similarity to claims asserted by others, the Trust pursued claims only against the Debtor not the Insiders or the Committee, and there was no apportionment of fees between the contract and tort-based claims to support a fee award for the tort claims. (Dkt. #20-1 at 125, 136-39.) The Trust also objected to the requested costs as lacking in supporting evidence, consisting of unnecessary expenses related to hiring out-of-state counsel, and consisting of costs that are included within overhead expenses. (Dkt. #20-1 at 126, 139-40.)

In reply, Debtor and the Insiders argued that the Loan Servicing Agreements allowed assignment of Debtor's rights or duties under the agreements, and the parties agreed that counsel for the Insiders would prosecute the objection to the Trust's claim. (Dkt. #20-1 at 170.) As to the Committee, Debtor and the Insiders argued that the Committee participated in the litigation because the Trust's claim would have a substantial impact on the estate, and the Insiders had agreed to pay the estate's administrative expenses, including the Committee's legal fees. (Dkt. #20-1 at 171.)

The bankruptcy court set forth on the record its findings at an October 9, 2013 hearing. (Dkt. #20-1 at 76-94.) As to the misrepresentation claims, the bankruptcy court found there was no evidence the Debtor made false representations in soliciting any loan, and, in any event, the parol evidence rule precluded testimony to contradict the Loan Servicing Agreements. (Dkt. #20-1 at 81.) The bankruptcy court also found the Chapter 645B claims were not viable because the

statutory provisions relied upon were not in effect when the Trust's claims arose, and there is no private right of action under Chapter 645B. (Dkt. #20-1 at 82.) As to the breach of contract claims, the bankruptcy court ruled that there was no evidence Debtor inappropriately administered the loans. (Dkt. #20-1 at 83.) Additionally, paragraph 3 of the Loan Servicing Agreement provides that the servicing agent is not liable for any action or inaction unless it was the result of bad faith, willfulness, or gross negligence. (Dkt. #20-1 at 83.) The bankruptcy court found no evidence of bad faith or willful or gross negligence. (Dkt. #20-1 at 83.) The bankruptcy court also found the Trust had failed to establish its damages were proximately caused by the Debtor's decisions related to some of the investments as opposed to being caused by the general real estate market crash. (Dkt. #20-1 at 84-86.)

The Insiders thereafter submitted a bill of costs consisting of $1,123.82 in printing costs, along with $9,736.88 for various other costs including airfare, hotel, and meals, for a total of $10,860.70 in costs. (Dkt. #20-1 at 97-99.) The Insiders also requested $5,341.95 in costs incurred by the Debtor. (Dkt. #201- at 105.)

On December 18, 2013, the bankruptcy court held a hearing on the motion for fees and costs, and stated its findings on the record. (Dkt. #20-9 at 1006-35.) The bankruptcy court denied the Insiders fees based on the contracts because there was no assignment of the Debtor's rights under the Loan Servicing Agreements to the Insiders, and the Insiders thus were not a proper party to enforce the Loan Servicing Agreements. (Dkt. #20-9 at 1031-32.) The bankruptcy court also found that even if the Insiders could enforce the agreements, the amount expended on the contract-based claims "would have been very minimal amounts" because the case "was all mainly about the torts." (Dkt. #20-9 at 1032.) The bankruptcy court also denied fees for the tort claims, stating:

> [S]ome of the claims may have had some basis, but it failed in the way of proof.
> And I'm not so sure that it failed in proof because the proof wasn't there or because the litigation strategy was that you were just going to rely on aren't these insiders awful and that just wasn't sufficient.
> I can't say that this was brought to harass. I'm not so sure that the creditor and/or his counsel just didn't buy their own Kool-Aid, drink their own Kool-Aid.

> They got lost in the concept that the money was gone as opposed to analysis of the various legal theories and the proof of each and every legal theory as I made clear in my findings of fact and conclusions of law. Having said that, I don't find a basis for saying that it was meant to harass or without reasonable grounds.
> The 645(b) [sic], I, too, never quite understood what the point of that was, but there wasn't much spent on that in any case, and there's certainly no right for attorneys fees under those grounds.

(Dkt. #20-9 at 1032.) The bankruptcy court allowed the Debtor's costs "based upon proof of what those costs were." (Dkt. #20-9 at 1033.)

On January 6, 2014, the bankruptcy court entered the order denying the Insiders' and Debtor's motion for attorney's fees and costs. (Dkt. #20-1 at 4-5.) The order adopted the findings of fact and conclusions of law set forth on the record at the hearing. (*Id.* at 5.) The bankruptcy court denied the request for attorney's fees in total, and awarded costs to Debtor's counsel "up to $5,341.95 upon providing the Trust with invoices or receipts evidencing costs directly relating to Debtor's Objection to the Trust's claim." (*Id.*) Debtor and the Insiders appealed the order denying attorney's fees and costs on January 16, 2014. (Dkt. #1; Dkt. #20-1 at 8.) The bankruptcy court held a further hearing regarding the Debtor's costs on March 12, 2014, and awarded the Debtor $3,246 in costs. (Dkt. #16-1 at 1, 18-23.)

**II. Jurisdiction**

The district court has jurisdiction over a bankruptcy appeal from the bankruptcy court's "final judgments, orders, or decrees," and interlocutory orders with leave from the bankruptcy court. 28 U.S.C. § 158(a)(1) & (3). Appellants did not seek or obtain leave from the bankruptcy court to appeal. Consequently, I have jurisdiction only if Appellants are appealing a final judgment or order. *In re Lazar*, 237 F.3d 967, 985 (9th Cir. 2001).

"An order is final if it constitutes a complete adjudication of the issues at bar and clearly evidences the judge's intention that it be final." *In re Wiersma*, 483 F.3d 933, 938 (9th Cir. 2007). Additionally, "a bankruptcy order is appealable where it 1) resolves and seriously affects substantive rights and 2) finally determines the discrete issue to which it is addressed." *Id.* (quotation omitted). An order that awards attorney's fees or costs but which does not specify the

amount awarded "is not a final, appealable order." *Jensen Elec. Co. v. Moore, Caldwell, Rowland & Dodd, Inc.*, 873 F.2d 1327, 1329 (9th Cir. 1989).

Here, the bankruptcy court's decision denying attorney's fees to the Debtors and Insiders was final. The order denied the request for attorney's fees in its entirety, and evinces the bankruptcy judge's intent that the resolution of that issue was final. No further order was contemplated or entered by the bankruptcy court regarding attorney's fees. The order also is final as to the costs requested by the Insiders. The order did not award any of the Insiders' requested costs and did not leave open the possibility that the Insiders could make a future showing of allowable costs. I therefore have jurisdiction over these aspects of the appeal.

However, the bankruptcy court's order is not final as to the Debtor's request for costs. The order awarded Debtor's counsel "costs of up to $5,341.95 upon providing the Trust with invoices or receipts evidencing costs directly relating to Debtor's Objection to the Trust's claim." (Dkt. #20-1 at 5.) The order thus made only a conditional award in an unspecific amount not to exceed $5,341.95, dependent upon the Debtor making a sufficient showing in support. The bankruptcy court held a later hearing on the Debtor's cost and awarded only $3,246. Debtor did not appeal from that ruling. Because the bankruptcy court's order was not final as to the Debtor's costs, I lack jurisdiction over that aspect of the appeal.

### III. Standard of Review

The Court reviews a bankruptcy court's award of attorney's fees for an abuse of discretion or erroneous application of the law. *In re Hoopai*, 581 F.3d 1090, 1095 (9th Cir. 2009). "A bankruptcy court abuses its discretion if it applies the law incorrectly or if it rests its decision on a clearly erroneous finding of a material fact." *In re Brotby*, 303 B.R. 177, 184 (9th Cir. BAP 2003). Conclusions of law are subject to de novo review. *In re Rains*, 428 F.3d 893, 900 (9th Cir. 2005). Factual findings are clearly erroneous only if the findings "leave the definite and firm conviction" that the bankruptcy court made a mistake. *Id.* (quotation omitted). The Court may affirm the bankruptcy court's decision "on any ground fairly supported by the record." *In re Warren*, 568 F.3d 1113, 1116 (9th Cir. 2009). However, the bankruptcy court must explain its

reasons for granting or denying a motion for fees or costs to allow this Court to conduct meaningful appellate review. *See Liti v. C.I.R.*, 289 F.3d 1103, 1105 (9th Cir. 2002).

### IV. Attorney's Fees

"[A] prevailing party in a bankruptcy proceeding may be entitled to an award of attorney fees in accordance with applicable state law if state law governs the substantive issues raised in the proceedings." *In re Baroff*, 105 F.3d 439, 441 (9th Cir. 1997). "Because state law necessarily controls an action on a contract, a party to such an action is entitled to an award of fees if the contract provides for an award and state law authorizes fee shifting agreements." *Id.* The Trust's claims were based on a contract and state law tort claims, so Nevada law controls whether a fee award is appropriate.

Under Nevada law, attorney's fees are not recoverable "unless authorized by statute, rule, or agreement between the parties." *First Interstate Bank of Nev. v. Green*, 694 P.2d 496, 498 (Nev. 1985). Nevada allows parties to freely provide for attorney's fees "by express contractual provisions." *Davis v. Beling*, 278 P.3d 501, 515 (Nev. 2012). Additionally, Nevada allows for the recovery of attorney's fees when a claim "was brought or maintained without reasonable ground or to harass the prevailing party." Nev. Rev. Stat. § 18.010(2)(b).

#### A. Attorney's Fees for Contract Claims

I interpret an attorney's fee provision in a contract to discern the contracting parties' intent. *Davis*, 278 P.3d at 515. I begin with the contract's plain language. *Id.* If the contract language is clear and unambiguous, I must enforce it "as written." *Id.* Here, section 10(h) of the Loan Servicing Agreements states:

> If any action or arbitration proceeding is brought by any Party on account of any breach hereof or to enforce or interpret any of the provisions hereof, or if any Party incurs attorney's fees on account of any breach of the any of the provisions hereof, the Party prevailing in enforcing its rights hereunder shall be entitled to recover from the non-prevailing Party or Parties all costs and expenses, including attorney's fees reasonably incurred in connection therewith.

(*See, e.g.*, Dkt. #20-1 at 185.) The Agreements define "Party" and "Parties" to mean the Debtor and the Trust. (*See, e.g.*, Dkt. #20-1 at 181, 185.) By the contracts' plain language, the only parties entitled to receive attorney's fees based on the contracts are the Debtor and the Trust.

The Insiders argue they are entitled to recover attorney's fees under the contracts, both on behalf of themselves and on behalf of the Committee, because the Debtor assigned its contractual rights under the Loan Servicing Agreements. The bankruptcy court's determination that there was no such assignment was not clearly erroneous. There is no evidence any assignment of contractual benefits occurred, and the Insiders present no evidence or legal authority that the Debtor could have done so outside a confirmed plan. That the Debtor's, Insiders', and Committee's interests may have been aligned, that they chose to allocate duties amongst them to respond to the Trust's objection, and that the Insiders ultimately would bear the cost of administrative expenses upon Plan confirmation, does not constitute an assignment of contract rights. Moreover, the Debtor seeks to recover its own fees incurred in relation to the Trust's contract claims, which supports the finding that the Debtor never assigned its contractual rights to the Insiders. *Easton Bus. Opp. v. Town Exec. Suites*, 230 P.3d 827, 832 (Nev. 2010) (stating that to establish an assignment, the "assignor must manifest a present intention to transfer its contract right to the assignee."). The bankruptcy court's conclusion that no assignment occurred is not clearly erroneous, and I affirm the bankruptcy court's denial of fees to the Insiders incurred objecting to the Trust's contract-based claims.

However, the bankruptcy court also denied the Debtor any fees related to the contract claims. The bankruptcy court did not explain why it denied fees to the Debtor, stating only that any such fees would be "minimal." But minimal fees does not necessarily mean that no fees were reasonably expended by the Debtor to defend against the Trust's contract-based claims. The bankruptcy court did not provide an adequate explanation to allow for meaningful appellate review. *See Liti v. C.I.R.*, 289 F.3d at 1105. I therefore remand to the bankruptcy court to explain the basis for its denial of all fees to the Debtor incurred in objecting to the Trust's contract-based claims.

### B. Attorney's Fees for Tort Claims

Nevada permits an award of attorney's fees where a claim or defense "was brought or maintained without reasonable ground or to harass the prevailing party." Nev. Rev. Stat. § 18.010(2)(b). A claim or defense "is frivolous or groundless if there is no credible evidence to support it." *Rodriguez v. Primadonna Co., LLC*, 216 P.3d 793, 800 (Nev. 2009). An award under §18.010(2)(b) must be supported by evidence in the record. *Semenza v. Caughlin Crafted Homes*, 901 P.2d 684, 687 (Nev. 1995). Whether and in what amount to award fees lies within the court's discretion. *Rodriguez*, 216 P.3d at 800. If there are several claims at issue, and the court finds that some claims are groundless while others are not, the court should allocate fees between the grounded and groundless claims. *Bergmann v. Boyce*, 856 P.2d 560, 563 (Nev. 1993).

The bankruptcy court held a multi-day evidentiary hearing on these claims, and although it found each of the Trust's tort claims failed for one reason or another, the bankruptcy court did not find that the claims lacked any credible evidence in support. Rather, the bankruptcy court ruled that the claims failed because the evidence presented did not fully support the legal theories asserted. The record shows the tort claims had some basis, including the Committee's and the Examiner's independent conclusions that there were potential claims for breach of fiduciary duty. (Dkt. #20-6 at 16-18; Dkt. #20-8 at 23-58, 105-46.) Additionally, the Trust presented some evidence of misrepresentations even if the evidence was insufficient to support a misrepresentation claim for other reasons. (Dkt. #20-9 at 988-89, 993-1001.) I therefore affirm the bankruptcy court's decision denying fees for the misrepresentation claims.

However, the bankruptcy court found the Chapter 645B claims lacked a credible legal basis because there was no private right of action to enforce Chapter 645B, and the statutory provisions on which the Trust relied were enacted after the underlying transactions. The bankruptcy court nevertheless denied fees because "there wasn't much spent on that in any case, and there's certainly no right for attorneys fees under those grounds." (Dkt. 20-9 at 1032.) As with the contract-based claims, the fact that only "minimal" fees may have been expended in relation to these claims does not necessarily support a denial of all fees. I therefore remand for

the bankruptcy court to explain its decision denying all fees in relation to the Chapter 645B claims, as it appears the bankruptcy court found those claims lacked any credible legal basis from the outset.

### V. Insiders' Costs

The bankruptcy court denied all costs to the Insiders, but did not explain the denial sufficient to allow for meaningful appellate review. See Liti v. C.I.R., 289 F.3d at 1105. I therefore remand for the bankruptcy court to explain the basis for denying costs to the Insiders. Fed. R. Bankr. P. 7054(b); LR 7054; LR 54-1-14.

### VI. Conclusion

IT IS THEREFORE ORDERED that this Court lacks jurisdiction to review the bankruptcy court's decision regarding the Debtor's cost award.

IT IS FURTHER ORDERED that the bankruptcy court's Order Denying Insider's and Debtor's Motion for Recovery of Attorney's Fees and Costs is hereby AFFIRMED in part and REMANDED in part. The bankruptcy court's order is affirmed as to: (1) the denial of attorney's fees on the contract claims for the Insiders, and (2) the denial of attorney's fees on the tort claims except for the Chapter 645B claims.

IT IS FURTHER ORDERED that this action is REMANDED to the bankruptcy court to further explain its decisions: (1) denying attorney's fees to the Debtor on the contract-based claims, (2) denying attorney's fees on the Chapter 645B claims, and (3) denying costs to the Insiders.

DATED this 20th day of October, 2014.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE